# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:20-cv-00009-RJC

| | |
|---|---|
| CINDY HELMS POWELL, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (DEs 14, 17). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence and affirms the decision. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

## I.     BACKGROUND

Plaintiff Cindy Powell ("Powell") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Powell filed her application for disability insurance benefits on February 8, 2016, with an alleged onset date of January 2, 2016. (Tr.[1] 20).

In denying Powell's social security claim, the ALJ conducted a five-step sequential evaluation. (Tr. 20–30). At step one, the ALJ found that Powell had not engaged in substantial gainful activity since the alleged onset date. (Tr. 22). At step two, the ALJ found that Powell had

---

[1] Citations to "Tr." throughout the order refer to the administrative record at DE 12.

the following combination of severe impairments: degenerative disk disease of lumbar spine status post surgery, osteoarthritis bilateral knees, fibromyalgia, CPS, GERD, hypertension, obesity and status post MRSA. (*Id.*)  The ALJ also found that Powell's medically determinable mental impairment of depression was nonsevere. (*Id.*)  At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (Tr. 23).  Before moving to step four, the ALJ found that Powell had the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) except she is limited to standing no more than 30 minutes at a time." (Tr. 24).  At step four, the ALJ found that Powell could not perform any past relevant work[2], but found at step five that Powell could perform jobs that existed in significant numbers in the national economy, such as an order clerk (DOT# 209.567-014), document preparer (DOT# 249.587-018), and check weigher (DOT# 737.687-026). (Tr. 20–21).

After exhausting her administrative remedies, Powell brought the instant action for review of Defendant's decision denying her application for disability insurance benefits under Title II of the Social Security Act. (DE 1).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).  The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d

---

[2] The vocational expert testified that Powell's past relevant work is described by the following DOT jobs: classified ad clerk 1, hair stylist, photo finisher lab worker, cafeteria attendant, and school bus driver. (Tr. 28).

2

343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Powell raises two challenges: (1) the RFC is not supported by substantial evidence because the ALJ failed to account for Powell's alleged inability to sit for prolonged periods and (2) the ALJ evaluated Powell's subjective complaints for credibility, instead of consistency, in violation of *SSR 16-3p*.

3

### A. The RFC is Supported by Substantial Evidence

Powell argues that the ALJ failed to explain how she could sit for prolonged periods of time in light of Powell's testimony to the contrary. Accordingly, Powell asserts that the RFC is not supported by substantial evidence because "the ALJ failed to identify any logical explanation connecting the evidence to his RFC conclusions." (DE 15 at 8). Defendant argues the ALJ's decision is proper. (DE 18).

In *Monroe v. Colvin*, the Fourth Circuit explained how an ALJ must build a logical bridge from the evidence to his conclusions, noting:

> Social Security Ruling 96-8p explains that the RFC " 'assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations).' " *Id.* (quoting SSR 96-8p, 61 Fed. Reg. at 34,478); *see also Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (observing that the ALJ "must build an accurate and logical bridge from the evidence to his conclusion"). We have held that "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013).

826 F.3d 176, 189 (4th Cir. 2016).

Here, the medical evidence, which the ALJ summarized, shows that Powell suffers from chronic lower back pain that radiates into her lower extremities. In 2009, Powell underwent a fusion of her L4-S1 vertebrae that helped her leg pain. However, her back pain has continued and in the years since the surgery, her radiating leg pain has returned. However, conservative treatments are effective in controlling her pain.[3] Dr. Cahill, a treating physician, noted that Powell stated that her walking was limited. But, Dr. Cahill warned against additional back surgeries unless Powell lost substantial weight as Powell's main issue "is her weight and large body habitus."

---

[3] Treatment records show that Powell's medication regimen was effective for control of her back and legal pain symptoms. (Tr. 27).

4

Case 5:20-cv-00009-RJC   Document 19   Filed 03/07/22   Page 4 of 7

Powell is 5 feet 4 inches tall and 340 pounds. The ALJ, Powell, and Defendant, cited to no evidence in the medical records that show Powell has trouble with prolonged sitting. (Tr. 25–27).

The ALJ also listed Powell's subjective complaints. Powell testified that she cannot sit for longer than 5 minutes at a time before her legs and lower back begin hurting. Powell also testified that she is able to care for her personal hygiene needs but requires the assistance of her 12-year-old daughter and husband for household chores. Powell further testified that she was able to drive one hour to the hearing. (Tr. 25). In a function report, Powell stated that she helped her daughter get ready for school, drove her daughter to the bus stop, performed light household chores, could lift 50-75 pounds, and could climb 2 to 3 flights of stairs. (Tr. 27).

The ALJ found that Powell's impairments could cause "some of the alleged symptoms" but were not consistent with the medical and other evidence in the record. (Tr. 25). In particular, the ALJ noted that there was nothing in the medical evidence that showed Powell could not perform the RFC. (Tr. 26). The ALJ also noted that while Powell complained that she could not sit for prolonged periods, Powell testified that she was able to drive the one hour to the hearing. The ALJ also pointed to inconsistencies between Powell's subjective complaints and the function report—mainly that Powell was able to perform daily activities including getting her daughter ready, driving her daughter to school, and performing light household chores in the function report. (Tr. 27). This differed from Powell's subjective complaints. The ALJ then found that Powell "sustained a greater capacity then she described at the hearing" because "[n]either the severity of the claimant's impairments nor the extent of her alleged limitations was supported by the objective evidence of record." (Tr. 28).

The ALJ thus explained that he did not include certain limitations asserted by Powell, like prolonged sitting, because they were inconsistent with other evidence. This is sufficient to build

5

a logical bridge and the RFC is supported by substantial evidence. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016).

### B.     The ALJ Properly Evaluated Powell's Subjective Complaints

Powell argues that the ALJ utilized the wrong standard in evaluating Powell's subjective complaints because the ALJ evaluated the subjective complaints for creditability rather than consistency in contravention of *SSR 16-3p*. (DE 15 at 16). Defendant argues that the ALJ did evaluate the subjective complaints for consistency and Powell simply disagrees with the ALJ's conclusion. (DE 18 at 7).

*SSR 16-3p* requires ALJs to examine subjective complaints for consistency with other record evidence, not to examine an individual's character when evaluating their subjective complaints. It also requires ALJs to "not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled." Here, as previously explained, the ALJ reviewed Powell's subjective complaints for consistency with other record evidence, including medical evidence and function reports. Ultimately, the ALJ found Powell's subjective complaints inconsistent with other record evidence and decided not to include all the limitations from the subjective complaints. This is proper in light of *SSR 16-3p* as the ALJ reviewed the entire record for consistency and did not make creditability determinations.

### IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.     Plaintiff's Motion for Summary Judgment, (DE 14), is **DENIED**;

2.     Defendant's Motion for Summary Judgment, (DE 17), is **GRANTED**; and

3.     Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 7, 2022

*[Signature]*

Robert J. Conrad, Jr.
United States District Judge